# DECISIONS

OF THE

# COURT OF APPEALS

## OF KENTUCKY.

SPRING TERM....1847.

Commonwealth *vs* Stout, &c.     INDICTMENT.

ERROR TO THE JEFFERSON CIRCUIT.     Case 63.

*Indictment. Emancipation of slaves.*

JUDGE SIMPSON delivered the opinion of the Court.     June 9.

IN 1840 an act was passed to amend the laws regula- *Case stated.* ting civil proceedings, and for other purposes, which contains a section, subjecting to a fine of not less than $500, nor more than $2,000, any person or persons, who shall remove, or attempt to remove from this Commonwealth, any person of color, having a suit pending for freedom in any of the Courts of this Commonwealth.

The indictment in this case was found under this statute, and charges that the defendants attempted to remove from the Commonwealth of Kentucky, Nancy, a person of color, having a suit pending for freedom in the Louisville Chancery Court. The knowledge of the defendants of the pendency of the suit for freedom is not alledged, and the first and most important question is, as to the necessity of such allegation to the validity of the indictment.

A proper construction of the statute is first necessary to enable the Court to arrive at a correct conclusion on this point.

Was it intended by the Legislature by this enactment, to subject to punishment the act of removal, or attempt to remove, in such cases, whether knowledge of the pendency of the suit for freedom, did or did not exist?

The evil that the Legislature intended to guard against, by the passage of this law, was the removal of persons of color from this State, with a view to prevent the successful prosecution of a suit instituted by them for their freedom. The effect intended to be produced by the act of removal, necessarily implies a knowledge of the existance of the suit for freedom, and a desire to defeat its object. To give such an exposition to the statute as to make a knowledge of the pendency of the suit for freedom essential to its violation, would be, therefore, entirely consistent with the intention of the Legislature, and the object contemplated by it in its passage.

To place a construction upon the statute which would make it apply to every removal, or attempt to remove, a person of color, during the pendency of a suit for freedom, without reference to the knowledge of the party, would involve the innocent as well as the guilty. In determining the meaning of penal statutes, care should be taken to give to them a construction that would not necessarily lead to this result. Persons of color, under our laws, are held in slavery; they are the subjects of sale and transfer, and individuals may purchase and remove them, even during the pendency of a suit for their freedom, without any knowledge that in so doing, they are acting illegally.

As the bare attempt to remove is embraced by this law, as well as an actual removal, it is obvious that the knowledge of the pendency of the suit for freedom, and a desire to defeat it, by the removal of the plaintiff in the action, was the case contemplated by the Legislature and designed to be punished. For these reasons we have come to the conclusion that to the commission of the offence under this statute, knowledge of the pendency of the suit for freedom is requisite.

It is necessary, in an indictment under the statute of 1840, (3 *Stat. Laws*, 225,) for removing or attempting to remove any person of color having a suit depend'g for freedom, to aver that the defendant had knowledge of the pendency of such suit.

Where the statement of an act

An indictment must contain a certain description of the offence of which the defendant is accused, and a statement of the facts by which it is constituted. Where the

statement of the act itself, necessarily includes a knowl-edge of the illegality of the act, no averment of knowl-edge or bad intent is necessary. But where such is not the case, knowledge must be alledged and proved. Thus it has been held, that in indictments for uttering forged tokens, or other attempts to defraud, or for receiving stolen goods, and offences of a similar description, a positive averment of knowledge is essential.: (1 *Chitty's Crim. Law*, 242.)

An indictment in the words of a statute, is not always sufficient. Whether sufficient or not, depends upon the manner of stating the offence in the statute. If every fact necessary to constitute the offence, is charged, or necessarily implied by following the language of the statute, the indictment in the words of the statute, is undoubtedly sufficient, otherwise it is not. Here the averment of the attempt to remove the person of color, during the pendency of a suit for freedom, does not necessarily imply a knowledge of the existance of such suit; and consequently this indictment is insufficient on account of the absence of this allegation.

Stating an offence in the words of the statute is not sufficient, unless every fact necessary to constitute the offence is charged or necessarily implied by following the words of the statute.

Under this opinion of the Court, it is unnecessary to notice the other questions presented in the record. The judgment of the Circuit Court being in favor of the defendants, although on another point in the cause, is such a judgment as should have been rendered on account of the insufficiency of the indictment.

Wherefore, the judgment of the Circuit Court is affirmed.

*Cates, Attorney General*, for Commonwealth; *Loughborough, Thruston and Lindsey* for defendants.