Aug. 10,           STATE v. BECKMAN.
1876.

*Indictment— Obstructing railroad track.*

An indictment charged the obstruction of a railroad by wilfully and maliciously placing thereon two sleepers and a post. *Held*, that the statutory offence—Gen. Stats., ch. 263, sec. 16—was well charged.

The evidence tending to show that the placing of these obstructions was one continuous act—*Held*, that it was properly charged, notwithstanding the obstructions were at considerable distances from each other.

*Held*, that it was not necessary to allege an intent to endanger life, the *gist* of the offence being the wilful and malicious placing of obstructions whereby life might be endangered.

It being found by the jury that the defendant wilfully and maliciously placed obstructions so that life was endangered—*Held*, that it was no defence that the respondent in fact intended other mischief, and did not intend to endanger life.

FROM ROCKINGHAM CIRCUIT COURT.

INDICTMENT, charging that the defendant, " on the twenty-fourth day of October, in the year of our Lord one thousand eight hundred and

seventy-five, at Seabrook, in the county of Rockingham aforesaid, with force and arms, feloniously, wilfully, and maliciously did place upon the track of the railroad of the Eastern Railroad in New Hampshire, in Seabrook aforesaid, two large pieces of wood called railroad sleepers, and one large piece of wood called a post—the same sleepers and post being then and there an obstruction on the track of said railroad to the passing of the railroad cars thereon—whereby the lives of sundry persons riding on the cars upon said railroad were greatly endangered, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the state."

A second count charged that said Henry Beckman, " with force and arms, feloniously, wilfully, and maliciously did place upon the track of the railroad of the Eastern Railroad in New Hampshire, in Seabrook aforesaid, two large pieces of wood called railroad sleepers, and one large piece of wood called a post, being an obstruction to the passing of railroad cars and locomotive engines thereon, whereby the life of one Thomas Sweetser, riding on a locomotive engine upon said railroad, was greatly endangered, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the state."

The evidence tended to show that the defendant, with others, placed three sleepers across the track of the railroad, on the evening of the twenty-fourth of October, 1875, between nine and ten o'clock ; that the parties placed the sleepers across the track, one after another, in the course of one and the same passing over of the road by them. One sleeper was placed across the track near Noyes's Crossing, the next was placed on the track 150 to 200 yards southerly of the first, and the third sleeper was placed across the track 400 to 500 yards southerly of the second. Each sleeper so placed upon the track was an obstruction whereby the lives of persons were endangered. These obstructions were, in fact, encountered by a passing freight train, but no damage was sustained thereby. They were not placed upon the track with the intent to endanger the life of any person, but with the intent to annoy certain persons who were passing over the road upon a hand-car, by throwing the hand-car from the track.

The respondent's counsel requested the court to charge the jury that " the intention to endanger life is essential to the offence, and must be proved ; and that there being no evidence of any such intention, and the contrary being admitted by the State's counsel (which was the fact), the defendant is entitled to be acquitted ; and that the jury are to designate which of the three several acts named in each count of the indictment they find proved."

The court declined so to instruct the jury, but instructed them that, " conceding that the intention was no more than to do some mischief or annoyance to persons riding on the hand-car, and not to wreck the freight train, whoever did the act, for the purpose conceded, is guilty of the charge described in the indictment ; " and also that " It makes no difference whether the obstructions were one or three. One is enough, if the cir-

cumstances of placing that one upon the track were such as to make the party liable to the law. If the defendant placed one of the obstructions on the track at or about the time complained of, it makes no difference which, if not all, of the obstructions he placed there."

The stenographer's report of the charge may be referred to in argument.

The jury found the defendant guilty.

The defendant's counsel 'excepted to the foregoing instructions, and to the refusal of the court to charge as requested. He also moved to set aside the verdict, as being against the evidence. He also moved in arrest of judgment, because,—

(1) The indictment does not allege or imply that the obstructions were placed upon the railroad with intent to endanger the life of any person.

(2) It does not allege when or in what manner the life of any person was thereby endangered.

(3) The indictment describes three different offences, in this, that it alleges that the defendant placed upon the track of the railroad two sleepers and one post, but does not allege that they were so placed at one and the same time, or in one place ; and it was admitted at the trial that the three obstructions were several, and at considerable distances apart.

The questions thus raised were transferred to the superior court by FOSTER, C. J., C. C.

*Hatch,* for the respondent.

I. The indictment is founded on Gen. Stats., ch. 263, sec. 16 : " If any person shall wilfully and maliciously place any obstruction on the track of any railroad, or remove any rail therefrom, *or in any way injure* such railroad, or do any other thing thereto whereby the life of any person may be endangered," etc. The indictment charges that the defendant did place two sleepers and one post upon the track of the railroad, whereby life was endangered ; but it does not charge that the defendant intended to produce that result, nor even that the act was criminally careless. We say the bill is insufficient.

(1) The intent to endanger life is the very gist of this section of the statute. The next section punishes the offence of injuring or deranging any part of the railroad in a milder manner. Obstructions may be placed upon the track, or other injuries may be done to a railroad lawfully, innocently, or excusably, though life may chance to be endangered by the act. A workman upon the railroad may purposely, or even carelessly, place or leave obstructions on the track. A person hauling a load across the track may obstruct it : he may be a trespasser in doing so, because he is hauling where he has no right to cross. A land-owner, or other person, honestly claiming the right to do so, may obstruct a railroad, and notify the corporation and its servants that they must not pass. But we apprehend that none of these cases would

be within the purview of the statute. Or some injuries might be done to a railroad wantonly and maliciously, such as the breaking down of a fence; yet the circumstance that life accidentally and unexpectedly becomes endangered by the act can hardly magnify the trespass into the offence intended by the statute;—or, as was the fact in the present case, a person may place obstructions upon a track, expecting them to be removed by persons immediately following him. A workman upon the road might do the same thing; and in either case the act would be very different from that which the statute intends to punish. In short, the act described in the indictment may have been done innocently, or without criminal intent. It can never be presumed that the legislature intended to punish an accidental, or innocent, or even a careless act, as severely as if the same were intentional. The punishment of offences against this statute is much more severe than of manslaughter, in the second degree—see Gen. Stats., ch. 264, sec. 10; yet if death be actually caused by the careless obstruction of a railroad, it would, in principle and by the statute last cited, amount to no more than manslaughter.

(2) Such a construction of penal statutes is habitual. *Commonwealth* v. *Slack,* 19 Pick. 304; *Com.* v. *Collins,* 2 Cush. 556; *Com.* v. *Clifford,* 8 Cush. 217; *Com.* v. *Bean,* 11 Cush. 414; *Penhallo's Case,* Cro. Elis. 231; *State* v. *Goulding,* 44 N. H. 284.

(3) If this construction of the statute is correct, the indictment ought to have averred that the act was done with the intent to endanger life, or at least that it was done carelessly, or with culpable negligence. See the authorities above cited; 1 Chitty Cr. Law 245; 1 Chitty Cr. Law 233; *State* v. *Hoit,* 23 N. H. 359; *The King* v. *Phillipps,* 6 East 464, 472. The words "feloniously, wilfully, and maliciously" are not sufficient for their purpose—1 Chitty Cr. Law 245, *The King* v. *Woodfall,* 5 Burr. 2667—and, grammatically, they relate to the act of placing the obstruction, and not to the "endangering of life."

II. The proofs in this case are as deficient as the indictment. It was admitted at the trial that the defendant had no intention to endanger life, and it appeared, in fact, that the alleged obstructions were placed upon the road sportively, to annoy some persons who were themselves (unlawfully) riding on a hand-car; (and upon a Sunday evening, a freight train arrived unexpectedly, before the hand-car came up. The obstructions were swept from the railroad, and no person was, in fact, injured.) See charge.

We respectfully insist that this is not the crime intended by the statute. There was an entire absence of any criminal intention, and nothing but the unexpected arrival of a Sunday freight train made the obstruction, in fact, dangerous. The act may be said to be reprehensible, and all acts casually followed by bad consequences are commonly so stigmatized; but the offence is not malicious, nor like that described in the statute, and it has been expiated by imprisonment already continued more than three quarters of a year.

III. Three different and separate obstructions were placed on the road, and all are described in each count of the indictment. It is true that the bill is ambiguous, and does not certainly show whether three obstructions, or one obstruction made up of three pieces of wood, is intended to be charged. The prisoner is entitled to accept that construction which is most favorable to himself; and, really, the placing of three sleepers separate and distant from each other was less likely to cause injury, and therefore a less offence, than if they had been laid together. The indictment is bad for duplicity. *State* v. *Fowler*, 28 N. H. 184.

An indictment which charges the defendant with the murder of three persons, charges three offences. *People* v. *Alibez*, 49 Cal. 388.

In *State* v. *Wentworth*, 44 N. H. 419, it was well holden that, upon the charge of placing one obstruction upon a railroad, evidence of similar acts committed near the same time and place is admissible. But this was a matter of evidence merely, and the question of duplicity was not raised there.

In this sense, we respectfully insist that it does make a difference " whether the obstructions were one or three." Of which of the three acts was the defendant convicted? and how can he plead the former conviction to a new indictment describing any one of the three obstructions? It is not certain that he has been lawfully convicted of any one of them, for the evidence as to three several acts was necessarily, to some extent, unlike; and part of the jurors may have relied upon the proof as to one obstruction, and part as to another, and all may not have agreed as to any particular act.

*Frink*, solicitor, for the state.

I. The indictment and evidence support the terms of the statute.

(1) The defendant wilfully and maliciously placed obstructions upon the track.

(2) The obstructions were of such character that life might be endangered by them.

It is not necessary, to support an indictment under this statute, that life should be endangered. It is only necessary that the obstructions should be of such a character that such a consequence might result.

The legislature intended to provide against any intermeddling with the track of a railroad which might be fraught with danger to life; and any person, who wilfully and maliciously does so intermeddle, comes under the condemnation of this statute.

The offence, then, is complete, whatever may have been his intention as to danger to life, when he has placed upon the track, with a wilful and malicious intention, an obstruction calculated to endanger life.

This act was not done innocently, and hence many of the illustrations employed by the defendant's counsel do not apply. The act was maliciously done, with a wrong intent, but not with the specific intent to endanger life.

The defendant has done a criminal act, and it was neither accidental, innocent, nor careless; nor is there anything in the case justifying the suggestion of counsel that these obstacles were placed upon the track with the expectation that they would be removed by some one following the defendant; but, on the contrary, the trial was conducted by the defendant's counsel upon the unqualified denial that the defendant placed any obstructions whatever upon the track.

The case against the defendant may be thus briefly stated: He wantonly placed upon the track obstructions calculated to endanger life, and he did it with full knowledge of their character, although not with the specific intent to destroy life.

This is the act that the statute attempts to prevent, and the one of which the jury found him guilty.

II. The placing of three different obstructions was one and the same act. The bill charges it as the same act.

A person is always presented in the same bill for the larceny of different articles at one and the same time, and he may be convicted of the felonious taking of any of the articles named.

The only question is, Was the placing of these several obstructions on the track one continuous act? It matters not whether they were six feet apart or not, if they were placed there by this person as near the same time as one act can follow another, and with a common purpose.

Such was the evidence, and such is the legal import of the allegation of the indictment.

CUSHING, C. J. The indictment clearly charges the statutory offence, which is, wilfully and maliciously placing obstructions on the railroad track whereby life may be endangered. It charges a single act, *i. e.,* the placing upon the track two sleepers and a post. That is the charge. It is alleged to have been done wilfully and maliciously, and that life was endangered.

The evidence, as reported, tended clearly to show all the material facts, and also that the placing the obstructions was one continuous act. That continuous act is so described that it would be impossible so to vary the form of the indictment for the same offence as to prevent the respondent, if he had been acquitted upon this indictment, from availing himself of an acquittal of this indictment as a defence.

The indictment clearly charged the statutory offence, charged it as one offence, and, by the allegation that it was done wilfully and maliciously, precluded all the suppositions of innocence suggested in the argument; and the evidence clearly tended to prove the indictment as laid.

It is said now, by way of defence, that it is admitted by the prosecution that the respondent did not intend to endanger life, but only to annoy certain persons who were unlawfully using the road. The case also finds that life was endangered, and the jury have found that the act was wilful and malicious.

In fact, it seems certain that what the respondent did actually intend to do must have endangered the lives of those who were using the hand-car as much as it actually endangered those who were on the train. To the uninstructed eye, it seems as if the danger to persons on a hand-car, going at its full speed, would be fully as great as the danger to persons on a freight train at the ordinary speed of a freight train.

The act, as described by the evidence and admitted by the respondent's counsel, contains all the elements of wilfulness and malice, without resorting to the legal presumption that a man intends the natural consequences of his acts.

I think, therefore, that the objections cannot prevail, and that the conviction must stand.

LADD, J. In *State* v. *Goulding*, 44 N. H. 284, 287, the court say the general rule undoubtedly is, that it is sufficient to describe the offence in the language of the statute; but to this there are many exceptions;—and that case was held to be within an exception, for it was most manifest that there might be cases where a person could lawfully occupy a sidewalk, that is, be and remain upon it " to the annoyance of others." The object of the ordinance was held to be to prevent the encumbering of sidewalks by the illegal use of them. The same is true with respect to the other cases cited by the defendant to the same point. In *Commonwealth* v. *Slack*, 19 Pick. 304, where the statute was broad enough in its literal terms to forbid the removal of a dead body under any circumstances—for interment, even—without license, &c., the court held that the statute meant removal for the purpose of dissection, and that such intent must be averred and proved. So in *Commonwealth* v. *Collins*, 2 Cush. 556, where a statute in general terms forbade the keeping open of a shop, warehouse, &c., on the Lord's day, the court upon the whole statute held that it was keeping open for business, or other illegal purpose, that was meant, and therefore that such illegal purpose must be alleged and proved.

Doubtless the rule is, that in framing an indictment on a statute it is not sufficient to pursue the very words of the statute, unless by so doing you fully, directly, and expressly allege the fact in the doing or not doing whereof the offence consists. 2 Hawk., ch. 25, sec. 111.

The requirements of this rule seem to me to be fully met by the indictment in the present case. The statute offence is complete when an obstruction whereby the life of any person may be endangered is wilfully and maliciously placed upon the railroad track. An actual intention to endanger the life of any person does not enter into the crime, as described and defined by the statute. The cases referred to do not apply, because no case can be conceived where the wilful and malicious placing of obstructions upon a railroad track, whereby life may be endangered, would not be unlawful. The statute does not admit of such construction.

The indictment charges the placing of but one obstruction on the track, and is not therefore open to the objection of duplicity.

I think, if the two sleepers and one post be regarded as three obstructions, the charge required the jury to agree with respect to at least one of them. It was not possible under the instruction for part of the jurors to rely upon proof as to one obstruction, and part as to another, as the defendant suggests.

The state has treated the whole as one offence, and a conviction upon this indictment must be a bar to any further prosecution for the offence charged in it.

SMITH, J. The indictment charges that the three pieces of wood placed upon the track were an obstruction. It evidently was intended to charge but one, and the language used describes but a single obstruction. If upon the trial the evidence disclosed three separate and distinct obstructions, the government would have been required to elect which of the three it would claim to hold the respondent for, if he had moved for that. I do not see how he has suffered by the course the trial took. If ever again indicted for placing either of the sleepers or the post upon the track of the railroad, the plea of *autrefois convict* would be a complete bar to such prosecution. And it is apparent from the instructions to the jury that they must have all relied upon the proof as to one obstruction, if not as to two or all.

It was not necessary to allege that the placing of the obstruction upon the railroad track was done with the intention to endanger life. It is alleged that it was done wilfully and maliciously, whereby the lives of persons riding in the cars upon the railroad were endangered, and this fully describes the offence prohibited by the statute.

*Exceptions overruled.*