## Adams Express Company v. Commonwealth.

(Decided October 30, 1917.)

### Appeal from Perry Circuit Court.

Intoxicating Liquors—Transportation and Delivery to Minor.—An indictment for the offense of transporting for and delivering to a minor intoxicating liquors, as created by the latter part of subsection 1 of section 2569b of the Kentucky Statutes must allege that the defendant at the time of the delivery knew that the consignee was a minor; but it is not essential that the Commonwealth should show actual knowledge of such fact on the part of the defendant or its agent, it being sufficient if the facts and circumstances developed by the testimony are such as to put an ordinarily prudent person on inquiry, which, if pursued, would develop

the facts, in which latter case the jury would be authorized to find that the delivery was knowingly made.

MAXWELL & RAMSEY, JOSEPH C. GRAYDON and MORGAN & NUCKOLS for appellant.

C. H. MORRIS, Attorney General, and D. O. MYATT, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

The appellant and defendant below, Adams Express Company, is a common carrier, and has an office at Hazard, Perry county, Kentucky, which county is local option territory. A gallon of whiskey was shipped from Lexington, Kentucky, to Hazard, consigned to Burtis Walker, and it was transported by the defendant and delivered to Walker at Hazard. The consignee being a minor, the defendant was indicted by the grand jury of Perry county for "the offense of furnishing and delivering to a person under 21 years of age spirituous, vinous and malt liquors and mixtures thereof."

The manner of the commission of the offense as alleged in the indictment is that the defendant was a common carrier, and that the whiskey was consigned to the prosecuting witness and was transported and delivered to him at Hazard, a place where the local option law was in force, and that he was at the time under the age of 21 years.

The defendant, upon motion, required the Commonwealth to elect whether it would proceed to prosecute it for the offense denounced by section 1306 of the Kentucky Statutes or the one created by section 2569b of the same statutes, and the Commonwealth elected to prosecute it for the offense created by the latter section.

A demurrer filed to the indictment was overruled, to which objections were taken, and upon trial, under a plea of not guilty, there was a verdict of conviction and imposing a fine upon the defendant of $75.00, upon which judgment was rendered, and its motion for a new trial having been overruled, it prosecutes this appeal.

There are two grounds urged for a reversal, one being that the indictment is insufficient and the demurrer should have been sustained to it, and the other that the court misinstructed the jury. A disposition of the first one, will, according to our judgment, dispose of the other.

Section 2569b, prescribing the offense for which the defendant was prosecuted, reads:

"Any person in any county, district, precinct, town or city in this state where the sale as a beverage of vinous, malt, brewed, fermented, spirituous or intoxicating liquor is prohibited by law who has paid the United States internal revenue tax permitting the sale of such liquors, shall be deemed to have paid such tax with an intent to violate the prohibitory laws of this state, or of such county, district, precinct, town or city, and it shall be unlawful for any such person to buy, bargain for, accept, receive, hold or possess any such liquors. *Provided, however,* That none of the foregoing provisions of this section shall apply to any druggist authorized by the laws of this state to sell such liquors for medicinal, chemical, scientific and sacramental purposes, nor wholesale dealers in, or brewers or distillers engaged in the manufacturing of, such liquors in said prohibition territory. And it shall be unlawful for any person to buy for, sell, furnish, or knowingly deliver, ship or in any manner transport to such person as first above mentioned in this section or his agent or any minor, any of the liquors heretofore mentioned."

It is at once apparent that the offense here attempted to be charged is the one created by the latter part of that section wherein it is made unlawful "for any person to buy for, sell, furnish or knowingly deliver, ship or in any manner transport to any such person as first above mentioned in this section, or his agent, or any minor, any of the liquors heretofore mentioned."

The word "knowingly" is nowhere found in the indictment. It is neither charged therein that the delivery, shipment or transportation was knowingly done, nor that the defendant knew that the consignee was a minor.

It is a settled rule of criminal pleading, and one which has been consistently followed by this court, that when the words of a statute creating an offense are descriptive of the offense, an indictment under it should substantially follow the language of the statute and expressly charge the offense as described in the statute, otherwise the indictment will be defective. Commonwealth v. Stout, 7 B. Mon. 247; Commonwealth v. Tanner, 5 Bush 318; Conner v. Commonwealth, 13 Bush 721, and Commonwealth v. Taylor, 96 Ky. 394. It logically follows that where a necessary ingredient of the offense and the one constituting its gravamen contained in the

statute is omitted from the indictment, it is fatally defective.

The offense created by the statute, and with which the defendant is charged, consists not merely in the fact of transporting and delivering intoxicating liquor to a consignee, although the latter may be a person to whom the section prohibits such delivery, but it consists in the fact of transporting and delivering the liquor to a consignee who is prohibited by the statute from receiving it when at the time the one transporting and delivering it *knew* that the consignee came within the prohibited class. It will thus be seen that unless such knowledge was possessed by the carrier at the time of the delivery it has committed no violation of the statute.

It will hardly be disputed that a defendant being tried under the statute must be shown by the testimony to have committed the prohibited acts and with *knowledge* on his part that he was doing so, and unless the evidence shows such knowledge he would be entitled to an acquittal.

It is a fundamental rule of pleading, so universally understood as to require no reference to authorities, that a fact necessary to be proven must be alleged in the pleading, and this rule applies to criminal as well as civil proceedings.

In the case of Commonwealth v. Stout, 7 B. Mon. 247, this rule as applicable to indictments was recognized anl upheld. The defendant there was indicted for attempting to remove from the Commonwealth a person of color while a suit was pending by such person in the courts of this Commonwealth to obtain his freedom. A statute then existing made it an offense to remove, or attempt to remove, after the filing of such suit and during its pendency, the colored person from the Commonwealth. The court in construing the statute read into it the word "knowledge" as though the statute had required that the removal should be made with *knowledge* of the pendency of the suit for freedom and treated the case as though the statute contained that requirement. The indictment did not charge that the defendant at the time of the removal of the colored person from the Commonwealth *knew* of any pending suit by the latter to recover his freedom, and the court held the indictment insufficient, saying:

"Here the averment of the attempt to remove the person of color during the pendency of the suit for free-

dom does not necessarily imply a knowledge of the existence of such suit; and consequently this indictment is insufficient on account of the absence of this allegation.''

It is everywhere recognized that an indictment for uttering a forged paper must contain the statement that the defendant knew the paper to be forged, and the same is true of an indictment for perjury or false swearing in that it would be defective if it failed to charge that the defendant knew that the matters about which he testified were false.

Section 1307 of the Kentucky Statutes makes it an offense to ''sell, lend, give, procure for or furnish spirituous, vinous or malt liquors or any mixture of either, *knowingly* to any person who is an inebriate,'' etc.

This court, in the case of Commonwealth v. Bell, 14 Bush 433, had under consideration the sufficiency of an indictment under that statute which did not charge that the furnishing of the liquor to the inebriate was knowingly done, and because of this omission the indictment was held to be defective, the court saying:

''Under the act of March 6, 1878, 'knowingly' is made an essential ingredient in the offense, and as it must be established by proof in order to a conviction, it follows that the allegation of knowledge on the part of the accused is essential to the validity of the indictment.''

Another case in point is Commonwealth v. Taylor, *supra.*

It therefore follows that, inasmuch as the indictment in this case failed to charge the necessary and essential ingredient of knowledge on the part of the defendant, it was defective, and the court erred in failing to sustain the demurrer thereto.

It may here be added that in order to a conviction of this offense it is not necessary that the testimony for the Commonwealth should establish or be sufficient to convict the defendant of actual information or actual knowledge. If the facts and circumstances within the knowledge of defendant or his agent, as shown by the testimony, are such as to excite the suspicion of an ordinarily prudent person, and a reasonable effort on his part would develop the facts, it is his duty to make it, and a failure to do so would be sufficient to authorize a finding that the delivery was knowingly made. The law will not permit the defendant to rely on ignorance of facts which a well-founded suspicion, if reasonably followed, would

divulge, and one made under such circumstances would constitute the offense. Goodman v. Commonwealth, 169 Ky. 542; American Express Company v. Commonwealth, 171 Ky. 1; Adams Express Company v. Commonwealth, 174 Ky. 296; Same v. Same, 177 Ky. 159.

If there should be another trial and the evidence is sufficient, the court should instruct the jury along the lines herein indicated.

Wherefore, the judgment is reversed, with directions to grant the defendant a new trial, and for proceedings consistent with this opinion.