## International Shoe Co. v. Commonwealth.

Nov. 13, 1945.

Waller & Threlkeld for appellant.

Eldon S. Dummit, Attorney General, and Guy H. Herdman, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER—
Reversing.

Appellant was indicted, convicted, and fined $100 and costs, for violating the provisions of KRS 118.340. A demurrer was filed to the indictment, whereupon, over the objection of appellant, the Commonwealth's Attorney was permitted to amend the indictment. Section 126, Subsection 5, of the Criminal Code of Practice, provides: "The court may at any time cause the indictment to be amended in respect of any defect, imperfection or omission in the matter of form only." This provision of the Code was enacted by the General Assembly in its regular session in 1942. Acts 1942, c. 142. It is obvious, from the language of the section, that it was not the intention of the Legislature to permit the Commonwealth's Attorney to amend an indictment by supplying substantial averments omitted by the Grand Jury. The rule set out in Adams Express Co. v. Commonwealth, 177 Ky. 449, 197 S. W. 957, was not changed by the 1942 enactment, and is expressed in that opinion as follows:

"It is a settled rule of criminal pleading, and one which has been consistently followed by this court, that, when the words of a statute creating an offense are descriptive of the offense, an indictment under it should substantially follow the language of the statute and expressly charge the offense as described in the statute, otherwise the indictment will be defective. (Citations follow.)

"It logically follows that where a necessary ingredient of the offense, and the one constituting its gravamen contained in the statute, is omitted from the indictment, it is fatally defective."

It follows that the demurrer should have been sustained to the indictment, if, before its amendment, it failed to allege substantially every element of the offense.

KRS 118.340 recites: "Any person entitled to a vote at any election in this state shall, if he has made application for such leave prior to the day of election, be entitled to absent himself from any services or employment in which he is, then engaged or employed for a period of four hours on the day of the election, between the time of opening and closing the polls. Such person shall not, because of so absenting himself, be liable to any penalty, nor shall any deduction be made on account of such absence from his usual salary or wages. The employer may specify the hours during which the employe may absent himself. No person shall refuse an employe the privilege hereby conferred, or discharge or threaten to discharge an employe or subject an employe to a penalty or deduction of wages because of the exercise of the privilege."

The indictment, before amendment, is in the following language:

The Commonwealth of Kentucky

Against

International Shoe Company, a Corporation

Indictment.

McCracken Circuit Court

"The Grand Jurors of the County of McCracken in the name and by the authority of the Commonwealth of Kentucky accuse International Shoe Company, a Corporation, of the offense of unlawfully subjecting an employee to a deduction of wages because of the exercise of the statutory privilege of absenting himself from work for a period of less than four hours for the purpose of voting at an election, committed in manner and form as follows, to-wit: The said International Shoe Company, a Corporation, in the said county of McCracken on the 9th day of January, 1945, and within one year before finding this indictment, did willfully and unlawfully subject an employee to a deduction of wages because of said employee exercising the statutory privilege of absenting himself from work for a period of less than four hours for the purpose of voting at an election, in the following way and manner, to-wit: The said defendant is a corporation employing a large number of

employees, among which employees was one Flavius Nicholson; that on Tuesday, November 7, 1944, a general election was held in the State of Kentucky; that on said day the said Flavius Nicholson, then and there being an employee of the defendant absented himself from his work and employment for a period of 2 hours, for the purpose of exercising the statutory privilege of being absent from work to cast his ballot and vote in said election, and did cast his ballot and vote in said election; and the said defendant did unlawfully deduct from the wages of said employee for that said day the sum of $2.18, said deduction being made because of said absence of said employee for the purpose of voting as aforesaid; and said employee gave said defendant due notice of his intention to absent himself from work for said purpose; against the peace and dignity of Commonwealth of Kentucky.

## "HOLLAND G. BRYAN

"Commonwealth Attorney Second Judicial District."

It is manifest that the defendant may not be convicted of the crime, unless it be proved that (1) it deducted wages of the employee, (2) who was eligible to vote in the election, (3) because he absented himself from his work (4) between the time of opening and closing the polls on election day, (5) for the purpose of exercising the privilege of voting, and then only (6) in the event the employee shall have made application to the defendant for such leave prior to the day of election. All of the enumerated conditions are substantial elements of the offense and ipso facto must be charged in the indictment. The first, third, and fifth elements were averred, either in the words of the Statute or in other words conveying the same meaning (Criminal Code of Practice, Section 136); the second, fourth, and sixth elements were not. The Commonwealth contends that the allegation, "said employee gave said defendant due notice of his intention to absent himself from work for said purpose," is a substantial averment that the employee had made application to the defendant for leave of absence prior to the day of election. With this contention we cannot agree. The words "due" and "duly," when contained in a pleading, are mere conclusions of the pleader. Stott v. City of Chicago, 205 Ill. 281, 68 N. E. 736; Hanson v. Langan, 9 N. Y. S. 625; Miles v. McDer-

mott, 31 Cal. 270; Going v. Dinwiddie, 86 Cal. 633, 25 P. 129. The facts concerning the notice must be alleged in the indictment, in order for the Court to determine that "due notice," i. e., notice according to law, has been given. It is obvious the demurrer should have been sustained to the indictment.

Since, by the indictment under which it was tried, appellant was not accused of the crime denounced in KRS 118.340, it cannot be heard at this time to question the constitutionality of the Act. All other questions are specifically reserved.

The judgment is reversed, for proceedings not inconsistent with this opinion.