# Commonwealth v. Browning.

Jan. 18, 1946.

Eldon S. Dummit, Attorney General, and H. K. Spear, Assistant Attorney General, for appellant.

No appearance for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

This prosecution against appellee, Sallie Browning, is upon an indictment returned by the grand jury of Clark County accusing her of the crime of forgery. The alleged forgery consisted in her endorsing a check for $31.70 drawn on the Winchester Bank by which she defrauded one Welch to whom the check was transferred, the necessary allegations to create forgery being made in the indictment.

Defendant's demurrer to the indictment was sustained, upon the ground that it was not charged therein that the Winchester Bank was "authorized by the United States, any state of the United States or any foreign government," to transact a banking business.

The crime charged is one created by subsection (2) of section 434.130 of KRS, which, among other things, makes it a felony to forge a check or draft upon a bank or to forge any endorsement on "such instruments." Following the court's order sustaining the demurrer to the indictment the Commonwealth moved the court to amend it, under the provisions of section 126 of the

Criminal Code of Practice, as amended by Acts of 1942, chapter 142, page 616, subsection 5 of which says: "The court may at any time cause the indictment to be amended in respect of any defect, imperfection or omission in the matter of form only." The proposed amendment was and is:

"The Winchester Bank of Winchester, Kentucky, being a banking corporation organized and existing under and by virtue of the banking laws of the Commonwealth of Kentucky, engaged in a general banking business with its principal office in Winchester, Clark County, Kentucky."

The court overruled the Commonwealth's motion to so amend the indictment upon the ground that it contained matter of *substance* rather than *of form* only, as prescribed by the 1942 amendment to the Code section. Following that order the indictment was dismissed. Whereupon the Commonwealth prosecutes this appeal for a certification of the law.

The court correctly held that the writing upon which the alleged forged endorsement was made was and is a check on a bank and being so it was essential to the validity of the indictment that it should charge that the Bank was an incorporated institution possessing authority to conduct a banking business. It was so held by this court in the very early case of Kennedy v. Commonwealth, 2 Metc. 36, in which the same offense as here involved was charged, i. e., the unlawful forging of a necessary signature to a check drawn on a bank. It was not alleged in that indictment that the bank was an incorporated institution, and the court sustained a demurrer to it because of such omission, stating in substance that such an averment in an indictment for forging such an instrument or necessary indorsements thereon "is made so by the law creating them; and in order to convict of either, it is indispensably necessary that such fact be averred and proved." That opinion has been followed in numerous later ones from this court involving the same interpretation of the same statute. Some of them are: Commonwealth v. Lee, 37 S. W. 72, 18 Ky. Law Rep. 484; Commonwealth v. Miller, 115 S. W. 234 (not elsewhere reported); Mason (alias Scott) v. Commonwealth, 156 Ky. 493, 161 S. W. 229; and Fain v. Commonwealth, 287 Ky. 507, 154 S. W. 2d 553. The

opinions in all of them expressly hold that, since the statute under which the indictment was found expressly requires that the bank upon which the check is drawn should be an incorporated institution, it is an element of the offense and that the required allegation in the indictment is one of substance and not of form.

That the tendered amendment in this case was one of substance and not of form only (the latter being permitted by the 1942 amendment to the section of the Code supra) is sustained by our recent opinion in the case of International Shoe Co. v. Commonwealth, 300 Ky. 806, 190 S. W. 2d 553, 554. The offense involved in that case was not the same as the one involved in this instant prosecution. However, we held that the offered amendment of the indictment there involved was one of substance and not of form and, therefore, not permitted by the 1942 amendment of the Code section supra. We said in that opinion:

"It is obvious, from the language of the section, that it was not the intention of the Legislature to permit the Commonwealth's Attorney to amend an indictment by supplying substantial averments omitted by the Grand Jury. The rule set out in Adams Express Co. v. Commonwealth, 177 Ky. 449, 197 S. W. 957, was not changed by the 1942 enactment, and is expressed in that opinion as follows:

" 'It is a settled rule of criminal pleading, and one which has been consistently followed by this court, that, when the words of a statute creating an offense are descriptive of the offense, an indictment under it should substantially follow the language of the statute and expressly charge the offense as described in the statute, otherwise the indictment will be defective. (Citations follow.) It logically follows that where a necessary ingredient of the offense, and the one constituting its gravamen contained in the statute, is omitted from the indictment, it is fatally defective.' "

It therefore follows that the court properly sustained the demurrer filed to the indictment herein, and also properly overruled the Commonwealth's motion to amend it by inserting therein the omitted language of the tendered amendment and correctly dismissed it. It is so admitted by the Commonwealth in its brief, the closing sentence of which says: "The judgment of the

lower court should be affirmed." We agree therewith, and it is so ordered, but which does not create a bar to a subsequent prosecution if one should be inaugurated.