## Lovings et al. v. Commonwealth.

May 23, 1950.

W. J. Baxter, Judge.

Thomas A. Waller for appellants.

A. E. Funk, Attorney General, and Zeb A. Stewart, Assistant Attorney General, for appellee.

MORRIS, COMMISSIONER—Reversing.

On a former appeal we reversed a judgment sentencing appellants to imprisonment on an indictment charging them with obtaining money and property from

Lettie Williams by false pretenses, 310 Ky. 315, 220 S.W.2d 868, because of faulty instructions and because the proof adduced against them did not warrant submission to the jury. Following remand the grand jury returned an indictment charging appellants with the offense of uttering a forged check, the accusation being that defendants had given the check to Lettie Williams. The record does not show that the former indictment had been dismissed, or an order of re-submission. A trial resulted in a verdict of guilty, the jury imposing a penalty of two years imprisonment; judgment was entered accordingly and appeal granted.

Counsel for appellant contends that appellants' rights were prejudiced because of errors of the Court; (1) in overruling the demurrer to the indictment; (2) in allowing the Commonwealth's Attorney to amend the indictment after trial had begun; (3) in requiring defendants to give evidence against themselves, and last in overruling defendants' motion for a directed verdict.

On the second trial the evidence of Lettie and Tom Williams as to what occurred at their grocery when it was claimed that appellants delivered the check, is substantially the same as on the former trial. On the former trial the only evidence as to the check in question was that when it was presented the bank refused payment. On the second trial Joseph Sewell, an engineer who lived in Winchester, testified that the check which was exhibited did not bear his signature. On cross-examination he said that he signed his name "Joe M. Sewell," and he knew of another Joe Sewell who formerly lived in Winchester; that he had an account at the Peoples State Bank. The cashier of the bank was shown the check and said it was not signed by Joe M. Sewell. The testimony of defendants was substantially the same in both cases, to the effect that they were not in the Williams' store on the night in question, and had not been there for several years.

Taking up ground (2), we shall refer to and set out the check as it appeared in the first and second indictments, and note the changes or alterations, including amendment following the first trial. In the first indictment the check was copied thusly: "Winchester, Ky. May 1948. No. 1 Peoples States Bank and Trust Co.

Pay to the order of Wm. Smith....$10.00. For———
James B. Sewell.''

In the second indictment the words and figures are
the same except that the date reads ''May 1, 1948,'' and
the signature is ''Joseph Sewell.'' The check as now ex-
hibited bears the added word ''Signature'' in a different
hand just below the word ''For,'' and there seems to be
some totally illegible writing or marks after the word
''For'' which it is suggested were not on the check when
exhibited on the first appeal.

The second indictment as returned carried the date
''May 1, 1949.'' Following the calling of the case for
trial, formation of the jury, and some testimony had
been heard, the Commonwealth Attorney moved the
court to amend the indictment ''by substituting the num-
eral 8 in the year 1949 for the 9 therein in the quotation
in said indictment.'' The motion was sustained and the
alteration made over objection of defendants, and it is
urged that the amendment, not allowable under the
Code, constituted reversible error. The section of the
Criminal Code of Practice provides that the Court may
at any time cause the indictment to be amended ''in
respect of any defect, imperfection or omission in the
matter of form only.'' Section 126, subd. 5.

Counsel for the appellant contends that the altera-
tion goes to the substance, and points us to two cases
which are relied upon. Commonwealth v. Browning, 301
Ky. 376, 192 S.W.2d 87, and Commonwealth v. Brown-
Foreman Dist. Co., 307 Ky. 597, 211 S.W.2d 858. In the
first case the indictment for forgery had failed to allege
that the bank was incorporated for the purpose of con-
ducting a banking business. The Court refused to allow
amendment and the case came here for a certification of
the law. We upheld the trial court, holding that the
amendment was in respect of substance, citing Interna-
tional Shoe Co. v. Com., 300 Ky. 806, 190 S.W.2d 553,
554, and Adams Express Co. v. Com., 177 Ky. 449, 197 S.
W. 957. In the Brown-Foreman case the indictment
charged defendant as being a Kentucky corporation,
and the Commonwealth was not allowed to amend by the
insertion of its true corporate domicile. These cases
are not precisely in point, but persuasive.

No case is cited as to a change of date, or as to
whether the date on a check alleged to have been forged

relates to form or substance. We held in Kinnaird v. Com., 134 Ky. 575, 121 S.W. 489, that where the foundation of an indictment be a written instrument it must be set out, or its absence accounted for satisfactorily. Section 133, Criminal Code of Practice provides that if a written instrument be the subject of indictment and has been withheld or destroyed by the defendants, and the fact be alleged in the indictment and proved on the trial "a misdescription of the instrument is immaterial." In Davenport v. Com., 287 Ky. 505, 154 S.W.2d 552, we held that if there was no allegation of destruction or loss the instrument must be described with literal accuracy.

The evidence shows that while the whereabouts of the check between trials was fairly established, the Commonwealth's Attorney thought the word "Signature" had been written on the face of the check after the first trial, and the clerk was of the opinion that it bore no endorsement and that the signature was "Jas. Sewell." The attorney in accounting for the movements of the check said it had been sent to the Court of Appeals so that the members might see "what a monstrosity in the way of a check had been passed up here," and we quite agree that it is almost impossible to decipher the signature.

We have reached the conclusion that the amendment constituted a reversible error, particularly under the circumstances surrounding the whole procedure. When defendants were called to trial, the indictment read to the jury the charge was that they had passed a forged check bearing the date May 1, 1949, signed this time by Joseph Sewell; they had the right to prepare their defense on the indictment presented. The Attorney General in brief expresses the opinion that the amendment went to the substance of the indictment rather than form.

The complaint as to incompetent evidence is that while Tom Williams was testifying he became confused as to which of the defendants left the store first on the occasion of the transaction. The court on his own motion required the defendants to stand up alternately for the purpose of identification. The witness had already fully identified the two and they were identified by Williams' wife. Since this episode may not occur on another trial we are not required to determine whether the testimony was self-incriminating or in violation of

Sec. 11 of our Constitution. It also becomes unnecessary to pass on the question as to whether or not the court should have sustained defendants' motion to give a directed verdict of not guilty. The difference in the indictment here, and the one on the former trial, requires a different measurement of the proof, and we cannot surmise what the evidence may be if a new trial should be had. Other questions discussed in briefs are reserved, but because of the error in permitting the amendment to the indictment the judgment is reversed.

Judgment reversed.