## TARTER v. COMMONWEALTH.

Court of Appeals of Kentucky.

May 28, 1954.

———◆———

Hollis E. Edmonds, Russell Springs, Ira Pittman, Liberty, Kenton J. Cooper, Jamestown, for appellant.

J. D. Buckman, Jr., Atty. Gen., Zeb A. Stewart, Asst. Atty. Gen., James A. Hicks, Commonwealth's Atty., Leonard E. Wilson, County Atty., Jamestown, and Ralph Hurt, Columbia, for appellee.

CAMMACK, Justice.

James Tarter is appealing from a judgment sentencing him to one year in prison on a charge of seducing Anna Smith. KRS 436.010(4), which covers the offense of seducing a female under 21 years of age, provides that all prosecutions thereunder shall be instituted within four years after the commission of the offense.

In February, 1953, the Russell County grand jury returned an indictment against Tarter, which reads in part as follows:

"* * * on the ——— day of August, 1953, and before the finding of this indictment, (James Tarter) did unlawfully and feloniously under promise of marriage, seduce and have carnal knowledge of Anna Smith, an unmarried female under 21 years of age, and he, the said James Tarter, being an unmarried male person."

When the date of the indictment was brought to the court's attention he directed that the year "1952" be substituted for the year "1953." Tarter objected to the court's action on the ground that the change constituted one of substance, since KRS 436.-010(4) provides that prosecution for the offense of seduction must be instituted within four years after its commission.

Section 126(5) of the Criminal Code of Practice provides that a court may at any time cause an indictment to be amended in respect of any defect, imperfection or omission in the matter of form only. Obviously, it was the view of the court that he had authority to change the date in the indictment. We think, however, that Tarter's position is well taken, because the element of time is an essential one, and is one of substance. In Lovings v. Commonwealth, 313 Ky. 102, 230 S.W.2d 469, we held that the court did not have authority to change the date of a check set forth in an indictment charging forgery. In the Lovings case the change was made after the case had been called for trial and the jury had heard some of the testimony; but we fail to see how this would distinguish the cases since, in that case, as in Tarter's case, a date going to the substance of the offense charged was changed. See also International Shoe Co. v. Commonwealth, 300 Ky. 806, 190 S.W.2d 553.

Judgment reversed, with directions to set it aside, and for proceedings consistent with this opinion.