WILLIAM STANLY v. RICHMOND & DANVILLE RAILROAD COMPANY.

*Corporations—Railroads, suits against—Negligence, complaint charging.*

1. In a suit against a railroad company, it may be designated as a company by its corporate name, without an averment of its corporate capacity, and if this is disputed, it should be by answer and not by demurrer.

2. The complaint in this case alleging negligence, is sufficiently explicit in the statement of facts constituting such negligence.

CIVIL ACTION tried at Fall Term, 1883, of ORANGE Superior Court, before *MacRae, J.*

The plaintiff sues to recover in damages the value of a horse belonging to him, and which he alleges was struck and killed by a train of cars passing over the defendant's road in the month of April, 1882. The complaint charges that this was done negligently at a portion of the road between two designated stations, which ran for half a mile in a straight course on a level surface where there were neither cuts nor embankments. It does not aver the defendant to be a corporate body.

The defendant interposed a demurrer, specifying as the grounds therefor, the absence of any allegation in the complaint of the corporate capacity of the defendant; and secondly, its failure to set out the facts which constitute the negligence, by reason of which defects the complaint does not state facts sufficient to show a cause of action against the defendant.

The demurrer was overruled and the defendant allowed to answer, and from this judgment the defendant appeals.

*Messrs. Fuller & Snow*, for plaintiff.
*Mr. D. Schenck*, for defendant.

SMITH, C. J. While the principle seems to be well settled that in actions by corporations of whose existence, or the law of their being, the court cannot take judicial notice, as it must of municipal and public corporations, under our former system of pleading it was not necessary the declaration should aver the plaintiff to be such, there is much diversity in the adjudications as to whether, where the defendant pleads the general issue and denies the right of action, the plaintiff is compelled to prove the corporate capacity in which it sues.

In England and in some of the states, this burden is held to rest upon the plaintiff, and is essential to a recovery, while in many of the states, the defence under such plea is held to be an admission of the plaintiff's existence as a corporate body and to dispense with all proof by it to that point. Ang. & Am. Corp., §§632 and 633, and numerous cases referred to in the notes.

In the case of *Ins. Co.* v. *Osgood*, reported in 1 Duer. (N. Y.), 707, in answer to the objection that the plaintiff's corporate character was not alleged, the court said: " It does not appear on the face of the complaint that the plaintiff is not a corporation. It does not therefore appear that the plaintiff has not legal capacity to sue. Unless that appears a demurrer cannot be sustained, based on that objection."

So where the defendant's counsel insisted that a declaration

describing the defendant as a company without showing whether or not it was a corporation was open to a demurrer, Mr. Justice MAULE said: "There is no positive rule that I am aware of, which requires such a mode of description as the defendant's counsel insists upon in this case, nor is the description which is given at all out of the usual form. *It impliedly amounts to an allegation that the defendant is a corporate body.*" *Wolfe* v. *Steamboat Campany,* 62 E. C. Law Rep., 103.

It seems to have been in the contemplation of the Code of Civil Procedure that while the plaintiff's want of legal capacity, *appearing in the complaint,* to maintain the suit, could be taken advantage of by demurrer, all other objections relating to parties must be made by answer, the answer taking the place of a plea in abatement. §95.

It is difficult to assign any sufficient reason why a corporation suing or sued should be designated by any further description than its corporate name, which does not apply with equal force to a natural person, the only purpose in either case being to point out the party to the action. The appearance and plea to the merits or answer is a concession of the sufficiency of the designation of the person, natural or artificial, and if intended to be disputed it should be under the present practice by answer.

The other assigned cause of demurrer is, in our opinion, equally untenable. Though not stated with accuracy, the complaint alleges negligence in running the train on a straight part of the track with no obstructions to hide the animal from the engineer's view, and striking the horse when proper vigilance and care would have avoided the accident. We do not see how greater particularity could be required in the statement of facts.

There is no error in the ruling, and this will be certified.

No error.                                              Affirmed.