STATE v. A. E. SHAW.

*Indictment—Forgery—Evidence—Corporation.*

1. Where the prisoner was indicted for forging an order for the payment of money, with intent to defraud the Randleman Manufacturing Company, but the indictment failed to allege that the Randleman Manufacturing Company was a corporation; *Held*, immaterial.

2. The corporate existence may be proved, although not alleged in the bill of indictment.

3. Where the forged instrument is set out in the indictment *in totidem verbis*, it shows its own nature, and corrects any error in miscalling it in the indictment.

(*State* v. *Ward*, 2 Hawks, 443; *Buncombe Turnpike Co.* v. *McCarson*, 1 Dev. & Bat., 306; *Elizabeth City Academy* v. *Lindsey*, 6 Ired. 476; *Stanly* v. *R. R. Co.*, 89 N. C., 331, cited and approved).

INDICTMENT for forgery, tried at Fall Term, 1884, of RANDOLPH Superior Court, before *Philips, Judge.*

The facts appear fully in the opinion.

*Attorney General,* for the State.
*Mr. J. T. Morehead,* for the defendant.

SMITH, C. J.    The indictment upon which the defendant was put on trial and found guilty, charges, with proper averments of time and place, that he did, of his own head and imagination, "wittingly and falsely make, forge and counterfeit, and did then and there willingly assent to the falsely making, forging and counterfeiting, a certain order and writing obligatory for the payment of money and for the delivery of goods, which said forged writing is in the words and figures as follows, that is to say:

Fifty cents.

50

payable in merchandise at the store of the Randleman Manf'g Co. (meaning the Randleman Manufacturing Company).

J. H. FERREE,

*Treasurer.*

with intent to defraud the said Randleman Manufacturing Company, contrary to the form, &c."

At the trial evidence was introduced to show that the defendant was in possession of many checks or certificates in all respects similar to that described and set out in the indictment, one of which he passed for clothing purchased of one Fishblate, and that the signature of J. H. Ferree to the latter, and to many of the others, had been forged.

The State then proposed to prove the corporate existence of the Randleman Manufacturing Company, to which objection was made for the reason that the indictment did not so charge; objection overruled.

Thereupon the State produced the certificate of the plan and purpose of the proposed incorporation, in conformity with the provisions of the general act authorizing the formation of such companies, with the acknowledgment made before the clerk of the Superior Court of Randolph county, and so certified by him on December 21st, 1869, under said act—Acts, 1868-'9, ch. 280. The State further proposed to show by the book-keeper of the company, that it had out, about the time of the alleged forgery, a large number of checks or certificates, of the size, color and denomination of that passed by the defendant. This was also opposed, on the ground of the insufficiency of the proof of its corporate organization and existence. The evidence was admitted.

The remaining testimony tending to establish the charge, it is not necessary to repeat in order to an examination of the defendant's exceptions.

The counsel for defendant asked for these instructions:

1. That the State must satisfy the jury that the paper alleged to be forged was "an order for the payment of money and the delivery of goods," and there is no evidence to sustain the charge.

2. That the Randleman Manufacturing Company is an incorporated body, and this has not been proved.

Declining to give the instructions, the court proceeded to charge the jury, so much of which as is pertinent to any exception is as follows:

" The forging and counterfeiting must have been done to defraud the Randleman Manufacturing Company. The very essence of the offence is the intent to defraud. It is not necessary that any person should in fact be defrauded. * * * If the jury find, from the evidence, beyond a reasonable doubt, that the defendant forged and counterfeited one or more checks of the denomination of 50 cents, as described in the indictment, or assented to the forging, making and counterfeiting of the same for the delivery of merchandise, with intent to defraud the Randleman Manufacturing Company, then they will convict. * * * * * The possession of such a check by the defendant, if forged, it not being drawn in his favor or to the order of any particular person, does not raise the presumption that he forged it. Before the jury can convict, they must be satisfied from the evidence that the defendant forged it, or that, having it in possession, and with knowledge that it was forged, he passed it as genuine, with intent to defraud the Randleman Manufacturing Company, and the intent may be inferred from the facts and attending circumstances."

Besides the exceptions noted, the defendant, after verdict, moved in arrest of judgment, because of the absence of any averment in the indictment that the Randleman Manufacturing Company was a corporation, or association, or had any being whatever.

The motion being overruled and judgment rendered on the verdict, the defendant appealed to this court.

1. The forged instrument makes the sum expressed upon its face, payable at *store of the Randleman Manufacturing Company,* and this implies an association, bearing that name, and engaged in business at a designated place—*their "store."*

In *State* v. *Ward,* 2 Hawks, 443, the forgery was charged to have been of a "bank note of one hundred dollars, on the Bank

STATE *v.* SHAW.

of the State of South Carolina," and this was held to be a sufficient averment of the existence of such a bank. The present description of the subject of the criminal act is quite as explicit in designating the company as a manufacturing association.

2. The proof offered before the jury was sufficient to warrant their finding that the company was incorporated and doing business under its corporate name. The articles of incorporation under the general law were produced, and, besides the other proofs, the book-keeper of the company testified to its issue in its business of large numbers of similar checks or certificates. *Buncombe Turnpike Co.,* v. *McCarson,* 1 D. & B. 306; *Elizabeth City Academy* v. *Lindsey,* 6 Ired., 476; *Stanly* v. *R. & D. R. R.,* 89 N. C., 331; *People* v. *Stevens,* 23 Wend., 409.

3. The defendant's first instruction asked, in regard to the misnomer of the forged instrument, in calling it "an order for the payment of money and the delivery of goods," was properly refused.

The writing, in very words, being set out in the indictment, shows its own nature and corrects any error in giving it a name. There is no variance between the allegations and the proofs; the writing described is the writing proved.

The other instructions asked proceed upon grounds which, as we have seen, are wholly untenable, and the intent is properly charged. 2 *Whar. Cr. Law,* §§1453 a, 1444 m.

There is no error and this will be certified, that the Court may proceed to render judgment upon the verdict.

No Error.                                                     Affirmed.