[Civ. No. 4588. Second Appellate District, Division One.—December 8, 1926.]

JOHNSTON REALTY CORPORATION, Appellant, v. C. E. SHOWALTER, Respondent.

[1] Judgments — Failure to Serve Summons — Dismissal—Subsequent Action.—The dismissal of an action pursuant to section 581a of the Code of Civil Procedure, because the summons is not served and returned within three years after commencement of the action, is not a determination of the action upon its merits, and such judgment of dismissal cannot operate as a bar to a subsequent action.

[2] Quieting Title—Last Deed—Execution—Parol Testimony of Grantor.—In this action to quiet title to real property alleged to have been conveyed by a husband and wife to a predecessor in interest of plaintiff, where the original deed was lost and plaintiff relied upon a certified copy of the deed as recorded, and said husband had died prior to the trial, it was not error to permit the wife, in her direct examination as a witness for defendant, to testify that she never signed the deed in the form in which it was recorded, but only signed a deed for a half interest in the property.

[3] Id.—Forgery — Alterations — Subsequent Voluntary Conveyances—Identity of Forgeries.—In such action to quiet title, if the testimony of said wife was true, the recorded instrument upon which plaintiff relied was a forgery or contained forged alterations, and this being so, the circumstances in evidence were sufficient to sustain the trial court's finding that such alterations were made for the purpose of depriving said wife and her husband of their remaining one-half interest in the property; and, the several subsequent deeds by which an interest in the property passed to plaintiff having been voluntary conveyances resting solely upon the original interest acquired from said husband

---

1. See 15 Cal. Jur. 128; 15 R. C. L. 982.

and wife, it was not necessary that there be direct proof showing identity of the person who committed the forgery.

[4] ID.—FORGED DEED—STATUTE OF LIMITATIONS.—In such action, where defendant, as the successor in interest of the one-half interest in the property remaining in said wife, in demanding to have his title quieted as against plaintiff, was not basing his demand upon any allegation that said wife was fraudulently induced to execute a deed, but contended that said wife never executed any deed conveying or purporting to convey her one-half interest to plaintiff's predecessor, defendant's right to hold his interest in the land, as against the forged deed to plaintiff's predecessor, was not barred by the statute of limitations, even though the facts were discovered more than three years prior to the commencement of the action.

(1) 34 C. J., p. 795, n. 49, p. 796, n. 53.    (2) 22 C. J., p. 1027, n. 70.    (3) 2 C. J., p. 1287, n. 3, p. 1289, n. 18 New.    (4) 27 C. J., p. 302, n. 21 New; 37 C. J., p. 793, n. 6; 32 Cyc., p. 1345, n. 77.

APPEAL from a judgment of the Superior Court of Kern County. T. N. Harvey, Judge. Affirmed.

The facts are stated in the opinion of the court.

Grant Holcomb for Appellant.

E. W. Bartlett for Respondent.

CONREY, P. J.—The plaintiff brought this action to quiet its title as owner of all of a described quarter-section of land in Kern county. By his answer the defendant denied plaintiff's ownership of said land. By a separate defense pleaded in his answer, the defendant claimed to be the owner of an undivided one-half interest in said parcel of land and prayed for judgment quieting his title thereto. The judgment, from which plaintiff appeals, quiets title of the parties severally, giving to each an undivided one-half of the land. Plaintiff appeals.

The defendant alleged, and the court found it to be true, that on the seventeenth day of April, 1922, which was prior to the commencement of this action, one Ella Fouch, being then the owner of an undivided one-half interest in said real property, executed and delivered to the defendant a deed conveying to him her said half interest, which deed on the following day was duly recorded, "and that ever

since said date defendant has been and now is the owner of an undivided one-half interest in and to said premises.''

In said separate defense the defendant particularly alleged that prior to July 11, 1912, H. E. Fouch was the sole owner in fee simple and in possession of said quarter-section of land; that on said July 11, 1912, H. E. Fouch by grant deed conveyed to Julia S. Johnston an undivided one-half interest in said property, and that at no time did H. E. Fouch or his wife, Ella Fouch, convey to Julia S. Johnston, or to any other person, any other or greater interest in said real property. Concerning the last above statements of the answer, the court found that prior to the eleventh day of July, 1912, H. E. Fouch was the sole owner in fee simple of an undivided one-half interest in and to said above-described premises, and that said H. E. Fouch at the same time held the title to and was the legal owner of the other undivided one-half interest in and to said premises, but that as to such other undivided one-half interest, said H. E. Fouch held said title and ownership in trust for D. Johnston; that on said eleventh day of July, 1912, the said H. E. Fouch and Ella Fouch, his wife, did convey by a certain grant deed to Julia S. Johnston, the wife of said D. Johnston, at the request of said D. Johnston, said undivided one-half interest in said real estate so held in trust by said H. E. Fouch, but at no time prior or subsequent to said date did said H. E. Fouch or his said wife jointly or severally convey to said Julia S. Johnston, or to any other person, any other or greater interest in said real estate.

In its findings of fact the court further found and declared, in accordance with allegations of the answer to the same effect, that between the 11th of July, 1912, and the 18th of September, 1915, said deed was changed and altered without the knowledge or consent of said grantors, H. E. Fouch and Ella Fouch, or either of them, so as to purport to convey unto Julia S. Johnston the entire title to the whole of said real estate; that such change and alteration was made for the purpose of procuring to Julia S. Johnston such entire title and with the intent to defraud the said H. E. Fouch and Ella Fouch of an undivided one-half interest therein; that said deed as changed and altered purports to have been executed and acknowledged by H. E.

Fouch and Ella Fouch, when in truth and in fact no deed in such changed and altered condition was ever executed and acknowledged by either said H. E. Fouch or Ella Fouch; that the said D. Johnston and Julia S. Johnston, on or about the thirtieth day of October, 1915, executed and acknowledged an instrument which purports to be a grant deed conveying to Nettie B. Johnston (their daughter) all of said real estate, which purported deed was recorded on October 10, 1916, at the request of D. Johnston; that said Nettie B. Johnston took said purported deed with full knowledge that said deed to Julia S. Johnston was altered and changed as hereinbefore alleged; that on or about the fourth day of December, 1920, one B. B. Johnson executed an instrument which purports to be a grant deed conveying to plaintiff all of said real estate, which purported deed was recorded on December 8, 1920; that at the time of the execution of the said instrument to the plaintiff, the said B. B. Johnson did not have any right, title, or interest in said real estate, and that the said Johnston Realty Corporation well knew that the said grantor had no interest whatever in and to said real property; that the Johnston Realty Corporation is composed of D. Johnston, Julia S. Johnston, Nettie B. Johnston, and B. B. Johnson, parties heretofore mentioned in said answer, and that said parties well knew that the only interest that they, or either of them, had or now have is the undivided one-half interest before mentioned in the answer. Then follows a finding of the fact which we first mentioned showing the conveyance on April 17, 1922, by Ella Fouch to the defendant of an undivided one-half interest in said real property. In October, 1913, H. E. Fouch had executed to Ella Fouch a grant deed of said land.

Appellant claims that the court committed two errors in rulings upon evidence; first, in rejecting appellant's offer to introduce in evidence a judgment of dismissal entered in an action between the immediate grantors of plaintiff and defendant wherein the same land was in controversy and the same facts were in controversy as in the present action; and, second, in permitting Ella Fouch, defendant's grantor, to testify, over appellant's objection, that she signed a deed which only called for a half interest in the land. **[1]** The

dismissal of the former action was made pursuant to section 581a of the Code of Civil Procedure, because the summons had not been served and returned within three years after commencement of the action. Such judgment of dismissal did not determine the action upon its merits, and could not operate as a bar to a subsequent action. If this is the rule, as the cases hold, on dismissal for want of prosecution when the plaintiff fails to appear at the time set for trial (*Collins* v. *Ramish,* 182 Cal. 360, 366, 367 [188 Pac. 550]), it is even more clear that a dismissal for want of service or return of summons is not an adjudication of the cause on the merits, and is in no way a bar to a subsequent action.

[2] In considering appellant's point that the court erred in admitting the testimony of Ella Fouch that she never signed the deed in the form in which it was recorded, but only signed a deed for a half interest in the property, we observe that plaintiff had introduced in evidence, not the deed itself, but the record of it as found in the county recorder's office, showing a deed dated and acknowledged July 11, 1912, and not recorded until September 18, 1915. Afterward, while Mrs. Fouch was testifying as a witness on behalf of the defendant, a certified copy of this deed as recorded was produced and exhibited to the witness, who then testified that she never signed such a deed, and that she never personally appeared before the notary and acknowledged the execution of such a deed. It is interesting to note at this point that the notary public who certified to the acknowledgment was the same D. Johnston whose wife was grantee in that deed, and that this D. Johnston testified that the deed to Julia S. Johnston was not recorded promptly because "Mr. Fouch requested me not to put it on record." In the meantime, Mr. H. E. Fouch had died, prior to the trial of this action. We perceive no reason why Mrs. Fouch should not have been permitted to testify that she never signed a deed for all of that piece of land or made acknowledgment of the execution of such a deed. Since appellant was claiming, and its witnesses had given testimony tending to prove, that the original deed was lost, the testimony of Mrs. Fouch became the only possible evidence of the fact, if it was a fact, that the only deed ever signed by her did not purport to convey the whole prop-

erty. On cross-examination, in explanation of her statement that she never joined in this recorded deed to Julia S. Johnston, she said: "The deed I signed called for an undivided half interest." The court did not err in overruling appellant's objections to her testimony upon this particular subject in her direct examination. Assuming, without deciding (see *First National Bank* v. *Merrill,* 167 Cal. 392 [139 Pac. 1066]), that the acknowledgment before D. Johnston as notary was *prima facie* valid notwithstanding his claim that he had paid the entire consideration for the land, we think that under the circumstances it would be a rank injustice to give unquestioned validity to the instrument by excluding such testimony as that given by Mrs. Fouch.

[3] We find no merit in the contention of appellant that the evidence was not sufficient to support the findings. If the testimony of Mrs. Fouch was true, the recorded instrument to which we have referred and which is an essential link in plaintiff's claim of title was a forgery or contained forged alterations. This being so, the circumstances in evidence were sufficient to sustain the court's finding that such alterations were made for the purpose of depriving the grantors of their undivided interest therein. It was not necessary that there be direct proof showing identity of the person who committed the forgery. It is a conceded fact that Julia S. Johnston paid no consideration for the conveyance. It was her husband, D. Johnston, who had paid whatever had been paid on account of that investment. The several deeds by which an interest in the property has passed to the plaintiff corporation are all voluntary conveyances resting solely upon the original interest acquired by D. Johnston and which under his direction is now vested in the plaintiff.

[4] It is claimed by appellant that the defendant's right to hold her interest in the land, as against the deed to Julia S. Johnston, is barred by the statute of limitations because the alleged fraud was discovered by her more than three years prior to the commencement of this action. But the defense herein, or the defendant's demand to have his title quieted against the plaintiff, is not based upon any allegation that Mrs. Fouch was fraudulently induced to

execute a deed. Defendant's contention is that Mrs. Fouch never executed any deed conveying or purporting to convey to Mrs. Johnston Mrs. Fouch's one-half interest in the land. The fraudulent alteration was a thing apart from any act of Mrs. Fouch. It was neither more nor less than a forgery. Considered in that light, the alterations were no more effective than they would be if the entire instrument was forged. The statute of frauds has no application to these facts. The same is true of the doctrine of laches, invoked by appellant as a bar to defendant's claim of title.

We think that the findings herein support the judgment, and that the plaintiff, having obtained a decree quieting title to the half interest in the land which was conceded to it by defendant, has obtained all the relief to which it is entitled on the record now before us.

The judgment is affirmed.

Houser, J., and York, J., concurred.