### STATE v. ABRAHAM L. LUFF.

(Filed 16 April, 1930.)

**Forgery A b—Fraudulent intent is essential element of forgery and exclusion of evidence relating thereto is reversible error.**

Fraudulent intent is an essential element of forgery, and where the defendant, on trial for forgery in raising a check drawn by himself as president of a corporation and another corporate officer for distribution of funds received by the corporation under a fire insurance policy, contends that he raised the check and received the proceeds as attorney-in-fact for his son who held a mortgage on the corporate property destroyed by fire, and that he was advised by an eminent attorney that his son was entitled to the proceeds from the policy, testimony of the attorney to this effect is competent upon the question of fraudulent intent, and its exclusion is reversible error.

CRIMINAL ACTION, before *Clement, J.*, at August Term, 1929, of MOORE.

The defendant was convicted of the crime of forgery and sentenced to a term of not less than two nor more than three years in the State's prison.

The defendant was the president of the United Talc and Crayon Manufacturing Company, and Joseph Levey was interested in the company and was referred to in the record as Joseph Levey, attorney. There was a building upon the property which was destroyed by fire, and the insurance company paid to the corporation the sum of $5,000 to cover the loss. Levey testified that he and the defendant Luff had an agreement that the insurance money was to be disbursed for the payment of certain agreed items, and that in pursuance of such agreement a check for $245 was drawn in the name of the company and signed by Luff as president, and Levey as attorney. There was further evidence to the effect that after the check was signed Luff raised the check so as to call for $2,245 instead of $245. The bank paid to Luff $2,245 upon said check.

From judgment upon the verdict the defendant appealed.

*Attorney-General Brummitt and Assistant Attorney-General Nash for the State.*

*A. A. F. Seawell, K. R. Hoyle, L. B. Clegg and W. R. Clegg for defendant.*

BROGDEN, J. The defendant contended that the fund of $5,000 deposited to the credit of the corporation belonged to his son, Henry Luff, who had a mortgage upon the property, and that he had a power of attorney from his son authorizing him to contract for and in his behalf.

The record discloses that the defendant consulted Mr. U. L. Spence, an eminent attorney, to ascertain the advice of said attorney as to the ownership of the insurance money or as to who would be entitled to the proceeds thereof. It appeared that the first $5,000 of a certain mortgage indebtedness held by Rachael Levey had been duly assigned to Henry Luff by a paper-writing which was duly recorded. The defendant was advised by his attorney that under the circumstances he was of the opinion that Luff was entitled to the balance of said insurance money after the payment of $1,200 to Anna Luff who held a prior encumbrance securing said sum.

The State objected to the testimony of the attorney, and the evidence was excluded.

The exception of the defendant to the ruling of the court is valid. The excluded evidence was competent upon the question of fraudulent intent

which is an essential element or ingredient of the offense of forgery. *S. v. Shaw*, 92 N. C., 768; *S. v. Cross*, 101 N. C., 770, 7 S. E., 715; *S. v. Wolf*, 122 N. C., 1079, 29 S. E., 841.

. The record is voluminous, and there are other exceptions warranting serious consideration, but as the defendant is entitled to a new trial, we deem it unnecessary to discuss them.

New trial.