## Commonwealth v. Henninger.

(Decided Jan. 13, 1933.)

BAILEY P. WOOTTON, Attorney General, FRANCIS M. BURKE, Assistant Attorney General, and GOLDEN, GILBERT & GOLDEN for appellant.

H. H. OWENS for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE DIETZMAN —Certifying the law.

The appellee was indicted under section 1161 of the Statutes for the larceny of certain oil and gas leases. A demurrer was sustained to the indictment and it was dismissed. The commonwealth has appealed for the purpose of having the law certified.

In the case of Clines v. Commonwealth, 221 Ky. 461, 298 S. W. 1107, 1109, which involved an indictment under the section of the Statutes here involved and which held the indictment in that case insufficient, after pointing out that at common law choses in action were not the subject of larceny but were so under the statute in question, we held that in an indictment under this section unless the chose in action is copied in haec verba, it should be sufficiently described as to clearly identify and distinguish it so that one prosecution would be a bar to another based upon the same facts. We said:

"All courts and all text-writers recognize the necessity of such descriptions, and as measured thereby we are convinced that no court would hold

the present indictment sufficient in the respects mentioned under the most latitudinous and relaxed rules of criminal pleading, since, as we have seen, there is absolutely no descriptive mark of the alleged stolen check whatever contained in the indictment herein.

"Moreover, section 133 of our Criminal Code of Practice says:

" 'If a written instrument which is the subject of an indictment for forgery, larceny, or other offense, have been withheld, or destroyed by the act or procurement of the defendant, and such destruction, or withholding, be alleged in the indictment, and proved on the trial, a misdescription of the instrument is immaterial.'

"The requirement for some sort of description of the written instrument involved in an indictment is thereby recognized, and such description should not only be set forth in the indictment, but accurately so, and the only exception to the latter requirement is in cases where the written instrument has 'been withheld or destroyed by the act or procurement of the defendant,' and if so, then the indictment should allege 'such destruction or withholding,' which must also be proved on the trial

"In the second edition of Roberson's Kentucky Criminal Law and Procedure, published in 1927, sec. 1762, the learned author in stating his construction of the inserted section of the Code says:

" 'A person who is charged with the commission of a penal or criminal offense that grows out of a writing, or alteration of a writing made by him, is entitled, under all the rules of criminal procedure, to be informed by an inspection of the indictment of the nature of the charge, so that he may be prepared to meet it; and he cannot have this information unless the writing alleged to have been executed or altered is incorporated (or described) in the indictment. If, however, the writing is lost or destroyed, and for this reason it cannot be set out in the indictment, or if the writing is in the possession of the accused, and for this reason cannot be obtained by the grand jury, it will be sufficient to state the fact, and set out the sub-

758

stance of the writing in words and figures as near as may be done.' "

Measured by these rules, the indictment in the instant case is clearly insufficient. It makes no claim that the oil and gas leases alleged to have been stolen have "been withheld or destroyed by the act or procurement of the defendant." The only description it gives of these oil and gas leases is:

"Oil and gas leases of value to wit, Geo. B. Hendrickson, Gillis Hendrickson, Mrs. R. T. Hendrickson, H. M. Jackson, Dr. M. R. Ingram No. 1 and Dr. M. R. Ingram No. 2, all in Bell County, the property of John Slusher and without his consent so to do, and of the value of more than twenty dollars, the personal property of John Slusher."

No one on reading this description would know who the lessors in these oil and gas leases were or who the lessee was, when the lease was given, or where the acreage they covered was located, except that it was somewhere in Bell county. Such a description does not so clearly identify or distinguish these leases as that "a prosecution under this indictment would be a bar to another based on the same facts."

It results that the trial court correctly sustained a demurrer to the indictment and correctly dismissed it. The law is so certified.