## Davenport v. Commonwealth.

Sept. 23, 1941.

J. C. Cannaday and Frank D. Berry for appellant.

Hubert Meredith, Attorney General, and Wm. F. Neill, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—Reversing.

The indictment charges the appellant, Ray Davenport, with forging the name of Mrs. Ora Lee Dickerson to a bill of sale of an automobile, "same being the evidence of ownership of said motor vehicle and the subject of public recording upon the registration of said vehicle with the intent to defraud the said Ora Lee Dickerson and register the said motor vehicle when this defendant was not entitled to so register same; and with the intent to fraudulently transfer title to said motor vehicle to J. W. Kembell and defraud him also.'' A description of the

automobile then follows. In submitting the case to the jury the court confined the charge to an intent to defraud Mrs. Dickerson and to fraudulently transfer title to the car and register it. The defendant was found guilty and adjudged to serve two years in the penitentiary.

We don't know whether the indictment was framed under Section 1185 of the Statutes making it a crime to forge certain papers, none of which seems to embrace a bill of sale unless it be regarded as a deed, "with intention to defraud another," or whether it was framed under Section 1188 covering forgery of "any writing whatever, whereby fraudulently to obtain the possession of or to deprive another of any money or property, or cause him to be injured in his estate or lawful rights." It seems to have been the purpose to bring the charge within both statutes. However that may be, the indictment is fatally defective because it does not describe with literal accuracy the instrument charged to have been forged. That is usually done by copying the paper in full in the indictment unless it has been lost or destroyed or is in the possession of the defendant or for some other reason cannot be produced, in which event the reason for it not being set out literally should be stated in the indictment. Section 133 of the Criminal Code; Section 794, Roberson's Kentucky Criminal Law; Hill v. Commonwealth, 33 S. W. 823, 17 Ky. Law Rep. 1135; Kinnaird v. Commonwealth, 134 Ky. 575, 121 S. W. 489; Cf. Clines v. Commonwealth, 221 Ky. 461, 298 S. W. 1107; Commonwealth v. Henninger, 246 Ky. 756, 56 S. W. (2d) 358. The court should have sustained the demurrer to the indictment.

The facts were, in brief, that Mrs. Dickerson, through her husband, traded an old Chevrolet automobile to another man and it was the subject of several swaps before it reached Kembell. None of the recipients wanted a bill of sale or transfer as each intended to pass the car along to someone else. A deputy county clerk testified that on December 31, 1938, some man, unknown to him and whom he could not identify, swore to and acknowledged the bill of sale involved, which was made out to Kembell. Mrs. Dickerson testified that she did not sign the instrument or authorize anyone else to sign her name to it. Kembell did not testify. The defendant showed up with the license plates issued for that car on a Ford automobile. He had been convicted of using these plates illegally when he was tried on this charge. He never

came into possession or ownership of the Chevrolet. The accused presented quite a formidable defense, although his reputation was bad. The Attorney General concedes the evidence does not show any intent on the part of the defendant to defraud Ora Lee Dickerson or anyone else. An intent to defraud is an essential element; indeed, is the gist of the crime of forgery. Having alleged that Mrs. Dickerson was the particular person intended to be defrauded, it was necessary, under Section 1185 or 1188 of the Statutes, that the Commonwealth prove, directly or circumstantially, the intention to defraud her or establish facts which would give rise to a legal presumption of such intent. Section 800, Roberson's Kentucky Criminal Law. We concur in the view of the Attorney General. And if the compliment of credulity be given the testimony of Ben Ashby, even then the evidence was not sufficient to prove that the defendant signed Mrs. Dickerson's name to the bill of sale.

The judgment is reversed.