JOHN JUNIOR COOPER v. SARAH H. FLOYD, BILL FLOYD, JACK FLOYD, RUTH FLOYD HILL, AND HUSBAND, W. O. HILL, JR., HATTIE FLOYD, AND BILL FLOYD, ADMINISTRATOR OF THE ESTATE OF ED FLOYD

No. 7030SC453

(Filed 18 November 1970)

Cancellation and Rescission of Instruments § 6; Limitation of Actions § 7— action to set aside deed for forgery — statute of limitations

An action to set aside a deed on the ground of forgery is an action for relief on the ground of fraud within the meaning of G.S. 1-52(9) and is barred after three years from the date of knowledge of the forgery.

APPEAL by plaintiff from *Thornburg, S.J.,* March 1970 Regular Session of SWAIN Superior Court.

This is an action to set aside two deeds on the ground of forgery. One deed is dated 2 August 1946 and the plaintiff's signature appears on it. The plaintiff testified that he did sign some documents in August of 1946 though he had no intention to convey nor was he informed that he was conveying any interest in land at that time. The trial judge found that the plaintiff's evidence as a matter of law failed to show that plaintiff's signature on the 2 August 1946 deed was procured by undue influence or fraud. The cause of action as to this deed was abandoned on appeal.

The other deed is dated 4 December 1945. It was notarized 29 December 1945, and was recorded 30 January 1946. Plaintiff's signature appears on this deed, but his evidence tended to

show that he never appeared before a notary or signed the deed. Moreover, plaintiff did not reach his twenty-first birthday until 28 September 1946.

Plaintiff's uncontradicted testimony was that in June of 1962 he discovered the existence of two deeds bearing his name and signatures of his name as grantor on record in the Office of the Register of Deeds of Swain County. He filed suit to have the deeds set aside on 28 December 1965.

At the close of plaintiff's evidence, defendant moved for a directed verdict under Rule 50, Section A of the North Carolina Rules of Civil Procedure, on the grounds that the three-year statute of limitations, N.C. Gen. Stat. § 1-52(9), bars plaintiff's recovery. The motion was granted. From the granting of the motion for a directed verdict, the plaintiff appeals.

*Clark Parker for plaintiff appellant.*

*Monteith, Coward and Coward by Thomas W. Jones for defendant appellees.*

VAUGHN, Judge.

The only question presented by this appeal requires a determination of whether an action to set aside a deed on the grounds of forgery is barred after three years from the date of knowledge of the forgery by N.C. Gen. Stat. § 1-52(9). N.C. Gen. Stat. § 1-52(9) prescribes three years as the period within which an action "[f]or relief on the ground of fraud" must be commenced. We hold that an action to set aside a deed on the grounds of forgery is an action for relief on the grounds of fraud, and that the action is barred after three years from the date of knowledge of the forgery.

Neither appellant nor appellee has cited a case holding that relief from forgery is relief on the grounds of fraud. Our own research has disclosed no North Carolina case so holding, but a similar New Mexico statute was interpreted not to include relief for forgery in *Lotspeich v. Dean,* 53 N.M. 488, 211 P. 2d 979:

> "Appellees assert that appellants' cause of action is barred by the four year statute of limitation (Secs. 27-104, 27-106, N.M. Sts. 1941), which has reference to actions brought for relief on the ground of fraud. This statute has

application to the ordinary action based upon fraud such as suits to rescind contracts brought about by false representations of the defendant. It has no application to suits of this kind, in which the fraud charged was a collateral matter. Here the quitclaim deed is a forgery. An exact case is *Johnston Realty Corp. v. Showalter,* 80 Cal. App. 176, 250 P. 289, 291, in which the California court said: 'It is claimed by appellant that the defendant's right to hold her interest in the land, as against the deed to Julia S. Johnston, is barred by the statute of limitations, because the alleged fraud was discovered by her more than three years prior to the commencement of this action. But the defense herein, or the defendant's demand to have his title quieted against the plaintiff, is not based upon any allegation that Mrs. Fouch was fraudulently induced to execute a deed. Defendant's contention is that Mrs. Fouch never executed a deed conveying or purporting to convey to Mrs. Johnston Mrs. Fouch's one-half interest in the land. The fraudulent alteration was a thing apart from any act of Mrs. Fouch. It was neither more nor less than a forgery. Considered in that light, the alterations were no more effective than they would be if the entire instrument was forged. The statute of frauds has no application to these facts. The same is true of the doctrine of laches, invoked by appellant as a bar to defendant's claim of title.'

"Another case directly in point is *Cox v. Watkins,* 149 Kan. 209, 87 P. 2d 243, 247, in which it was stated: 'Appellants argue forgery is a fraud and that one who seeks to quiet his title clouded by a forged deed necessarily seeks relief from a fraud; hence that his action is for relief on the grounds of fraud, within the meaning of G.S. 1935, 60-306, third clause. We cannot agree with this view. Here the fraud practiced by Craig primarily was a fraud upon the grantees in the forged deeds. Plaintiff's action was not based upon that fraud, but upon her title to the property, concededly valid before the fraud was committed, and which plaintiff has done nothing to impair. Her action was to have it adjudged that her valid title remains unimpaired by whatever fraud may have been practiced by some of the defendants upon other defendants. The general rule is that when fraud is only an incident to a cause of action a statute of limitations applicable to relief against fraud cannot be invoked in a suit to quiet title or to remove a cloud there-

from. 51 C.J. 200; *Earl v. Lofquist,* 135 Cal. App. 373, 27 P. 2d 416, 419; *Noble v. Martin,* 191 Wash. 39, 70 P. 2d 1064, 1068.' "

Our statute, N.C. Gen. Stat. § 1-52(9) has been interpreted much more broadly than the New Mexico statute. An early case on the question of whether relief for undue influence is "relief on the grounds of fraud" is *Little v. Bank,* 187 N.C. 1, 121 S.E. 185:

> " . . . It will be noted from the language used, 'relief on the ground of fraud,' that the statute has and was intended to have broader meaning than the ordinary common-law actions for fraud and deceit, and in our opinion clearly applies to any and all actions legal or equitable where fraud is the basis or an essential element of the action. . . . "

The question now narrows to whether fraud is an essential element or the basis of an action to set aside a deed on the ground of forgery. "Forgery may be defined as the fraudulent making or alteration of a writing to the prejudice of another man's rights or as the false making or material alteration, with intent to defraud, of any writing which, if genuine, might apparently be of legal efficacy or the foundation of legal liability." 36 Am. Jur. 2d, Forgery, § 1, p. 681. In 4 Strong, N.C. Index 2d, Forgery, § 1, p. 35, forgery is defined as "the falsification of a paper, or the making of a false paper capable of effecting a fraud, with fraudulent intent." In *Trust Co. v. Casualty Co.,* 231 N.C. 510, 57 S.E. 2d 809, our Supreme Court had the opportunity to discuss the difference between false pretense and forgery in a civil case:

> ". . . The principal difference between the two, historically developed in the common law, is that forgery exclusively pertains to a writing, while false pretense covers fraudulent deceits by parol. Treatment of forgery as a separate offense came from recognition that a fraud perpetrated in altering a writing or in making a false writing tends directly to destroy the security which permanent monuments in writing give to transactions affecting the more important rights of persons privy to them. It became a separate and graver offense; but the *gist* of the forgery still is *fraud. Davenport v. Commonwealth,* 154 S.W. 2d 552, 287 Ky. 505; *Leslie v. Kennedy,* 225 N.W. 469, 249

Mich. 553; *S. v. Luff,* 198 N.C. 600, 152 S.E. 791; Burdick, Law of Crime, Vol. 2, p. 550, sec. 663."

The statute applies to all actions where fraud is the basis or an essential element, and fraud is the gist of forgery. It would appear, therefore, that North Carolina decisions dictate a different result than that reached by the New Mexico Court in *Lotspeich v. Dean, supra.* The existence of the deeds was known to plaintiff for some 3½ years before this action was instituted. The same reasons that induced enactment of a statute of limitations for relief on the grounds of fraud (See, generally, *Mask v. Tiller,* 89 N.C. 423) are equally relevant to claims grounded on alleged forgery.

Affirmed.

Judges CAMPBELL and BRITT concur.