793 So.2d 1000 (2001)
Clarence MOORE and Savannah Moore, Appellants,
v.
Mary Jean SMITH-SNAGG and Paul Snagg, et al., Appellees.
No. 5D01-334.
District Court of Appeal of Florida, Fifth District.
June 18, 2001.
Opinion on Denial of Rehearing August 24, 2001.
*1001 Ronald R. Howell, Longwood, for Appellants.
Martin S. Awerbach and Michael A. Cohn, of Awerbach, Murphy & Cohn, P.A., Clearwater, for Appellee, Universal City Development Partners.
Dana P. Hoffman of Griffin, Linder, Carter & Hoffman, P.A., Orlando, for Appellees, Mary Jean Smith-Snagg, Paul Snagg and Clarence Milton.
PER CURIAM.
This appeal challenges the trial court's denial of a post-judgment motion filed pursuant to Florida Rule of Civil Procedure 1.540, said motion seeking relief on the basis of newly-discovered evidence. In the original action the plaintiffs, Clarence and Savannah Moore, sought to set aside a 1987 warranty deed which purported to transfer a remainder interest in their property to her granddaughter, Mary Jean Smith-Snagg. The Moores asserted, inter alia, that the deed was a forgery. Ultimately, the trial judge entered summary judgment in 1999 against the Moores on all counts, including that based upon forgery, and referred (erroneously) to a four-year statute of limitations. Of course, there is no statute of limitations in respect to the challenge of a forged deed, which is void ab initio. See Holland v. Hattaway, 438 So.2d 456 (Fla. 5th DCA 1983). Only the 30 year curative period prescribed by the Marketable Record Title Act[1] has any application to a forged deed as opposed to one procured by fraud. As recently stated by Judge Warner in her opinion in Zurstrassen v. Stonier, 786 So.2d 65 (Fla. 4th DCA 2001):
We think Klaus is correct in his assertion that the forged deed is void and thus creates no legal title nor affords *1002 protection to those claiming under it. See McCoy v. Love, 382 So.2d 647, 648 (Fla.1979); Lloyd v. Chicago Title Ins. Co., 576 So.2d 310, 311 (Fla. 3d DCA 1990). See also Jamnadas v. Singh, 731 So.2d 69, 70 (Fla. 5th DCA 1999)(forged mortgage is void and a legal nullity); Southeast Bank, N.A. v. Sapp, 554 So.2d 1193, 1195 (Fla. 1st DCA 1989)(same). In Wright v. Blocker, 144 Fla. 428, 198 So. 88 (1940), relied on in McCoy, the court said of the effect of such deeds, "`[a] forged deed, in the sense defined above, is absolutely void and wholly ineffectual to pass title, even to a subsequent innocent purchaser from the grantee under such forged deed.'" Id. at 91 (quoting 16 Am Jur. 451-2).
This court summarily affirmed the 1999 summary judgment without opinion. See Moore v. Smith-Snagg, 761 So.2d 1128 (Fla. 5th DCA 2000)(Table). We can only assume that affirmance was based on an absence of supporting evidence to establish forgery since 30 years had not elapsed from the ostensible execution and recordation of the deed. That being the case, the newly discovered evidence purporting to show other forgeries by Smith-Snagg of the signatures of the Moores, which evidence was unavailable at the time of entry of summary judgment, is certainly relevant and sufficient to preclude disposition of this case, insofar as the forgery issue is concerned, by summary judgment.
The Moores are elderly and in poor health. They have petitioned this court to expedite the resolution of this matter. By this opinion, we have granted their petition. When this matter reappears in the circuit court, we direct that the trial judge do likewise.
REVERSED AND REMANDED FOR TRIAL.
COBB and HARRIS, JJ., concur.
PALMER, J., concurs in result only.

ON MOTION FOR REHEARING
HARRIS, J.
Appellees herein have moved for rehearing urging that the panel which heard the initial appeal must have ruled that challenging a forged deed is barred by the four-year statute of limitations applicable to fraud and, therefore, our present opinion ignores the law of the case. Appellees base their contention on two arguments. First, they contend, since it would have been clearly erroneous for the court to have granted summary judgment when there remained questions of fact, the panel must have ruled that the statute of limitations, as a matter of law, barred appellants' action. Second, our original panel's decision is consistent with applying the four-year statute of limitations in this case and this application is supported by the 1970 North Carolina appellate court decision, Cooper v. Floyd, 9 N.C.App. 645, 177 S.E.2d 442 (N.C.Ct.App.1970).
Responding to the points made in appellees' motion in reverse order, it seems clear to us that the North Carolina court, at least insofar as Florida law is concerned, is simply wrong. As the North Carolina court acknowledged, it found no case law in support of its position but three out-of-state cases against it. In all those cases, Lotspeich v. Dean, 53 N.M. 488, 211 P.2d 979 (N.M.1949), Johnston Realty Corp. v. Showalter, 80 Cal.App. 176, 250 P. 289 (Cal.Ct.App.1926), and Cox v. Watkins, 149 Kan. 209, 87 P.2d 243 (Kan. 1939), it was held that the statute of limitations relative to fraud does not apply to actions to set aside a forged deed because the fraud involved therein were merely collateral. For example, as stated by the court in Cox v. Watkins at page 247:
Appellants argue forgery is a fraud and that one who seeks to quiet his title clouded by a forged deed necessarily seeks relief from a fraud; hence his *1003 action is for relief on the grounds of fraud, within the meaning of [the applicable statute of limitation]. We cannot agree with this view. Here, the fraud practiced by Craig primarily was a fraud upon the grantees in the forged deeds [in our case, the fraud would have been practiced by Smith Snagg against Universal]. Plaintiff's action was not based upon the fraud, but upon the title to her property, concededly valid before fraud was committed, and which plaintiff has done nothing to impair. Her action was to have it adjudged that her valid title remains unimpaired by whatever fraud may have been practiced by some of the defendants upon other defendants. The general rule is that when fraud is only an incident to a cause of action a statute of limitations applicable to relief against fraud cannot be invoked in a suit to quiet title or to remove a cloud therefrom.
But the telling point on this issue is our own case of Holland v. Hattaway, 438 So.2d 456 (Fla. 5th DCA 1983). In that case, Judge Cowart carefully analyzed the law and concluded that even the twenty year statute of limitation [section 95.231(2), Fla. Stat.] applicable to recorded deeds will not prevent an action to set aside a forged or wild deed. The reason is quite simple. A forged deed is void; it has no effect. It will not divest title in the owner or create title in the grantee after four years or twenty years or forever. The only way an owner can lose title based on a forged or wild deed is by the application of the Marketable Record Title Act. And in that case, it is the Marketable Record Title Act, and not the forged or wild deed, which creates the new title. It is appropriate that we assume the panel was familiar with Holland.
As to the second point relied on by appellants in their Motion for Rehearing, it may be true that the original panel erred in upholding the summary judgment when there remained outstanding issues of fact. But the panel may have been influenced by the fact that Mrs. Moore's deposition statements were unreliable based on her mental incapacity apparent from the record and as found by the trial judge and by the fact that Mr. Moore's affidavit was unreliable because the contents were not explained to him and he later denied having any knowledge of the affidavit. However, even if the original panel erroneously affirmed the summary judgment when there were outstanding issues of fact, this error can be remedied by the application of Rule 1.540.
Do we really know what influenced the original panel to issue the PCA? No. But we believe our analysis is both reasonable and fair. We deny the Motion for Rehearing.
MOTION DENIED.
COBB, J., concurs.
PALMER, J., concurs in result only.
NOTES
[1] § 712.02, Fla.Stat.