[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-12921

Non-Argument Calendar

_____

JOHN HANCOCK LIFE INSURANCE COMPANY U.S.A.,

Plaintiff,

*versus*

JOANN FRIEDMAN,

Defendant-Cross Defendant,

SHERYL KATZ,

Defendant-Cross Claimant-Appellant,

2                    Opinion of the Court                    21-12921

GLOBALVEST TRUST,

                              Defendant-Cross Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:20-cv-82164-DMM

_____

Before JORDAN, NEWSOM, and BRANCH, Circuit Judges.

PER CURIAM:

In 2021, Sheryl Katz sought declaratory relief against Glob-
alVest Trust, alleging that she was entitled to half of the proceeds
of a life insurance policy fully owned by GlobalVest.  Because we
conclude that a four-year statute of limitations applies to Katz's
non-real-property claim and that the claim accrued in 2004 when
Katz's share of the policy was sold, the claim is time-barred and
GlobalVest is entitled to summary judgment.

I

John Hancock Mutual Life Insurance Company issued a life
insurance policy to Renee Ginsberg.  The policy's equal beneficiar-
ies and owners were Ginsberg's daughters, Joann Friedman and
Sheryl Katz.   In 2004, John Hancock received a "Change of

Ownership" form, purportedly signed by Katz, transferring her ownership in the policy to Friedman. As the purported 100% owner of the policy, Friedman sold the policy to another entity, which then sold it to GlobalVest Trust.

In 2019, Katz complained to John Hancock that her signature on the "Change of Ownership" form had been forged and that the policy had been fraudulently sold to GlobalVest without her knowledge. John Hancock directed Katz and GlobalVest to resolve the dispute themselves. When Ginsberg died in 2020, the dispute remained unresolved. John Hancock initiated this action for interpleader relief, naming Friedman, Katz, and GlobalVest as defendants and asking the court to determine their rights with respect to the policy's value. John Hancock deposited the life insurance proceeds with the court and was dismissed from this case. Friedman abandoned any claim against the proceeds and was dismissed as well.

In 2021, Katz brought a crossclaim against GlobalVest, seeking declaratory judgment that her signature on the 2004 form was forged and that she is entitled to half of the life insurance proceeds. The district court granted summary judgment to GlobalVest, reasoning that Katz's crossclaim was barred by Florida's four-year statute of limitations applicable to "[a]ny action not specifically provided for in these statutes." Fla. Stat. § 95.11(3)(p). Although Katz filed her crossclaim within four years of Ginsberg's death, the court concluded that her claim was time-barred because the limitations period began to run in 2004, when the allegedly forged "Change of

4                    Opinion of the Court                    21-12921

Ownership" form was signed. On appeal, Katz contends that the limitations period began to run only at Ginsberg's death and, alternatively, that no limitations period applies because her action was based on a forged document.[1]

## II

To determine whether Katz's claim is time-barred, we must decide (1) what limitations period applies and (2) when that period began to run. Under the Declaratory Judgment Act, the statute of limitations is determined by the limitations period applicable to the underlying substantive claim. *Int'l Ass'n of Machinists & Aerospace Workers v. Tennessee Valley Auth.*, 108 F.3d 658, 668 (6th Cir. 1997). Under Florida law, a limitations period begins to run when the last element of a cause of action occurs. *Kipnis v. Bayerische Hypo-Und Vereinsbank*, 202 So.3d 859, 861 (Fla. 2016).

First, it is unclear exactly what substantive claim underlies Katz's declaratory judgment action. She is not contending that GlobalVest committed any fraud or statutory violation, and she is not seeking to rescind the 2004 form. Instead, she is challenging the 2004 form's fundamental validity by seeking a declaration that it was void ab initio. In the context of forged real estate deeds,

---

[1] "We review de novo the district court's summary judgment, viewing the evidence and all reasonable inferences in favor of the nonmoving party." *Hernandez v. Plastipak Packaging, Inc.*, 15 F.4th 1321, 1325 (11th Cir. 2021). "A district court should grant summary judgment only if there's 'no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Id.* (quoting Fed. R. Civ. P. 56(a)).

Florida courts have held that such documents are void ab initio and thus no statute of limitations applies when they're challenged. *See, e.g.*, *Moore v. Smith-Snagg*, 793 So.2d 1000, 1001 (Fla. 5th DCA 2001). But there is no real property at issue here, and no Florida case provides a reason to extend the no-statute-of-limitations principle to a case of forgery in a non-real-estate transaction. Indeed, there is reason to treat real-property transactions, which involve title recordation and insurance, differently from other purchases and sales, which are not subject to similar verification processes. Thus, the district court didn't err in applying the four-year statute of limitations period that applies to claims "other than for the recovery of real property." Fla. Stat. §§ 95.11, 95.11(3)(p).

Next, we must determine when the four-year period began to run. Generally, the statute of limitations on an action for life insurance proceeds doesn't begin to run until the death of the insured. *Brown v. Poole*, 261 So.3d 708, 710–11 (Fla. 5th DCA 2018) (noting that a beneficiary can't make any claim to a life insurance policy's proceeds until the insured's death because any demand for a declaratory judgment during the insured's lifetime wouldn't be grounded in actual, present controversy). But this general rule applies only when a *beneficiary* is claiming a right to the proceeds. Katz wasn't just a beneficiary to Ginsberg's policy; she was also a *co-owner* of the policy, and her immediate ownership rights were extinguished in 2004 when Friedman was able to sell the policy without Katz's knowledge or participation. Katz sustained damage as soon as Friedman obtained the ability to sell the policy, and Katz

6                    Opinion of the Court                    21-12921

was certainly damaged when Friedman sold the policy. Thus, Katz's cause of action accrued in 2004, her 2021 crossclaim was beyond four years of that accrual, and accordingly, it is time-barred.[2]

   **AFFIRMED**.

---

[2] The four-year limitations period began to run when the 2004 form was signed and not when Katz knew or reasonably should've known about the signature because Katz's claim is not "founded upon fraud." *See* Fla. Stat. § 95.031(2)(a) (delaying the start of the four-year limitations period for actions "founded upon fraud" until "the facts giving rise to the cause of action were discovered or should have been discovered with the exercise of due diligence"). Katz never alleged any fraud against GlobalVest, and she agrees that her claim isn't founded upon fraud. *See* Reply Br. at 8 (agreeing that an action alleging a forged signature is different from an action claiming fraud). Even if the delayed discovery doctrine applied because Katz's action was founded upon fraud, her claim would be barred by Florida's statute of repose, which requires that an action for fraud begin "within 12 years after the date of the commission of the alleged fraud." Fla. Stat. § 95.031(2)(a). Katz failed to bring her claim within twelve years of 2004.